RECEIVED

2018 JUL 27 PM 3: 29

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

BKF CAPITAL GROUP, INC.,

Defendant.

Civil Action No. 8:18-cv-01863-T-33-TGW

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the United States Air Force (the "Air Force" or "USAF"), files this Complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action against Defendant BKF Capital Group, Inc. ("BKF") pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607(a), in connection with the release or threatened release of hazardous substances at Cattle Dipping Vat A (Site No. OT-59A) ("Vat A" or "Vat Site A") located in Polk County, Florida, within the Avon Park Air Force Range ("APAFR").

2. The United States seeks judgment against Defendant for costs that the United States incurred to conduct response activities in connection with releases or threatened releases of hazardous substances into the environment at or from Vat A pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). The United States also seeks a declaratory judgment, pursuant to

1

Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), declaring that Defendant will be liable for any further response costs that the United States may incur in responding to releases or threatened releases of hazardous substances into the environment at or from Vat A.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action and the parties hereto pursuant to 28 U.S.C. §§ 1331, 1345 and 1367, and 42 U.S.C. §§ 9607(a) and 9613(b).

4. Venue is proper in this district pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) and (c), because Vat Site A is located, and the threatened and actual releases of hazardous substances that gave rise to the claims for costs associated with Vat A occurred, within this judicial district.

## DEFENDANT

5. BKF is a corporation organized and existing under the laws of Delaware and is a "person" as defined by CERCLA Section 101(21), 42 U.S.C. § 9601(21).

6. BKF was incorporated in Delaware in 1954. Its principal place of business is in Ventura County, California.

## STATUTORY BACKGROUND

7. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as response actions. 42 U.S.C. §§ 9604(a), 9601(25).

8. Section 104 of CERCLA, 42 U.S.C. § 9604, provides that whenever any hazardous substance is released into the environment, or there is a substantial threat of such a release into the environment, the President is authorized to act, consistent with the National Contingency Plan, to remove or arrange for the removal of, and provide for remedial action

relating to, such hazardous substance. The President's authority under Section 104 has been delegated to the Air Force when "either the release is on or the sole source of the release is from any facility . . . under the [Air Force's] jurisdiction, custody or control . . . ." *See* Exec. Order 12580(e)(1).

9. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), in relevant part, provides that:

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

. . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for –

(A) all costs of removal or remedial action incurred by the United States Government... not inconsistent with the national contingency plan.

10. Section 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), provides that in any action for recovery of costs under Section 107 of CERCLA, "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

## GENERAL ALLEGATIONS

A. **History of Vat Usage in Florida**

11. Starting in the 1890s, to prevent the spread of cattle fever, which was spread by cattle ticks and was affecting herds throughout the Southeastern United States, the federal, state and local governments began instituting quarantines and eradication programs, and private cattle ranchers also voluntarily took action to prevent the spread of the disease.

12. In Polk County, the tick eradication program began through private efforts as early as 1916.

13. Cattle tick eradication ramped up in 1923 with the passage of a state act, which created the State Live Stock Sanitation Board and divided Florida into 16 zones, and mandated

systematic tick eradication in several regions, including Polk County. As part of the effort to eradicate cattle fever ticks, affected counties were placed under quarantine, and ranchers in these counties dipped their cattle in an arsenic mixture by walking them through dip vats every two weeks.

14. Throughout the 1920s and 1930s, systematic tick eradication work continued. Polk County still was under quarantine until as late as 1942, and sporadically thereafter as localized cattle tick infestations periodically reemerged through the 1950s. The Florida cattle tick eradication program was completed in 1961.

15. Until about 1940, arsenic was used as the active ingredient in cattle dip solution. After 1940, other pesticides such as dichlorodiphenyltrichloroethane ("DDT") and other chlorinated hydrocarbons were added to cattle dip solution.

B. **History of the Consolidated Group's Vat Usage**

16. Consolidated Naval Stores Co. (hereafter "CNSC") originally was a lumbering and turpentining company which, together with its subsidiaries including Consolidated Land Co. (hereafter "CLC"),[1] owned and operated hundreds of thousands of acres of timber lands in southern Florida. After the Consolidated Group cleared the timber, it used the lands for large-scale cattle ranching operations.

17. By 1920, the Consolidated Group operated 10 cattle dipping vats on its lands.

18. During the 1920s, the Consolidated Group built additional cattle dipping vats to continue the cattle tick eradication efforts.

---

[1] For purposes of this Complaint, CNSC and CLC hereafter will be referred to as the "Consolidated Group."

4

C.  **Environmental Response Actions**

19. Environmental response actions for Vat Site A began in May 1995 pursuant to the Air Force Installation Restoration Program ("IRP"), with the initiation of a Preliminary Assessment and Site Investigation ("PA/SI") and installation of monitoring wells and soil borings at the Vat Site.

20. Arsenic was detected in the soil at Vat Site A at concentrations that exceeded both Residential and Industrial Soil Cleanup Goals. Other metals and pesticides including $\alpha$-BHC, $\beta$-BHC, 4,4'-DDE, 4,4'-DDD, and 4,4'-DDT were detected in vat sediment, soil, and/or groundwater at concentrations exceeding groundwater Maximum Contaminant Levels ("MCLs") or guidance concentrations at Vat Site A.

21. The USAF conducted a Remedial Investigation and Feasibility Study ("RI/FS") for Vat Site A to identify chemicals of concern and remedial alternatives to address the contamination. The RI/FS was finished in 2006.

22. The USAF completed a Remedial Design ("RD") for Vat Site A in 2007, detailing the design of the remedial alternative recommended in the RI/FS.

23. The USAF completed an interim removal action at Vat Site A in 2011 to remove vat water and sediment and excavate and dispose arsenic-contaminated soil.

24. On April 20, 2012, the USAF issued a Statement of Basis ("SOB") for Vat Site A, in addition to two other vat sites, which identified and explained the selected remedy for the each of the vat sites.

25. The selected remedy is monitored natural attenuation until the concentrations of the contaminants reach targeted cleanup levels.

26. Since 2012, the USAF has been monitoring, and will continue to monitor, Vat Site A to determine the effectiveness of the natural attenuation.

**D.     BKF Corporate History**

27. CNSC was incorporated in Florida on November 3, 1902.

28. CNSC was the parent company of its wholly-owned subsidiary CLC, beginning in 1903.

29. CLC merged with and into CNSC in 1931.

30. By operation of law, CNSC assumed CLC's liabilities. Fla. Comp. Gen. §§ 6562-6563 (1927).

31. On March 23, 1961, CNSC changed its name to Consolidated Financial Corp. ("CFC") and became a closed-end investment company.

32. Beginning on March 23, 1961, controlling shares of CFC were held by Baker, Fentress & Co. (hereafter "Baker Fentress") management and shareholders.

33. On March 31, 1971, CFC merged with and into Baker Fentress. Pursuant to the merger, Baker Fentress acquired all of CFC's debts and liabilities.

34. On April 18, 2000, Baker Fentress changed its name to BKF Capital Group, Inc. ("BKF").

35. BKF is the successor in interest to the liabilities of CNSC, CLC, and CFC.

**E.     Cattle Dip Vat A (Keene Vat) Site Ownership History**

36. Vat A a/k/a the Keene Vat (Site No. OT-59A) is located in the northwest quarter of Township 31 South, Range 30 East, Section 33, in Polk County, Florida (hereafter "Section 33").

37. CLC acquired title to Section 33 in 1907.

Case 8:18-cv-01863-VMC-TGW   Document 1   Filed 07/27/18   Page 7 of 10 PageID 7

38. CLC owned Section 33 from 1907 to 1921 and again from 1927 to 1931.

39. On December 31, 1931, CNSC acquired Section 33 from CLC.

40. Vat A was constructed within the bounds of Section 33 at some time prior to 1934.

41. CNSC continued to own the land until August 6, 1942, when it was transferred to the United States along with several other tracts of land to form what is now known as the Avon Park Air Force Range ("APAFR")[2] pursuant to a Judgment on Declaration of Taking ("Taking Judgment").

## SPECIFIC ALLEGATIONS

42. Arsenic, α-BHC, β-BHC, 4,4'-DDE, 4,4'-DDD, and 4,4'-DDT and are hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), because they are listed at 40 C.F.R. § 302.4 pursuant to Section 102 of CERCLA, 42 U.S.C. § 9602.

43. Arsenic, α-BHC, β-BHC, δ-BHC, γ-BHC, 4, 4'-DDE, 4,4'-DDD, and 4,4'-DDT have come to be located at Vat A.

44. Vat A is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9) because it is a structure or a pit and it is a site or area where hazardous substances have been "deposited, stored, disposed of, or placed, or otherwise come to be located."

45. There was a "release" or a threatened "release" of hazardous substances into the "environment" at or from Vat A, within the meaning of Sections 101(8) and 101(22) of CERCLA, 42 U.S.C. §§ 9601(8) and 9601(22), because the hazardous substances described in paragraphs 42 and 43 have been detected in the soil and groundwater at Vat Site A.

---

[2] When acquired in 1942, the installation was initially designated as "Avon Park Army Air Field." Under USAF control, it was designated as "Avon Park Air Force Base" until 1956, when it acquired its current name.
7

46. During operation of Vat A, hazardous substances including arsenic, α-BHC, β-BHC, δ-BHC, γ-BHC, 4, 4'-DDE, 4,4'-DDD, and 4,4'-DDT were spilled and/or leaked and thus "disposed" at Vat Site A, within the meaning of CERCLA Section 101(29), 42 U.S.C. § 9601(29), and 42 U.S.C. § 6903(3).

47. At least one predecessor to BKF owned Vat Site A at the time of disposal of hazardous substances.

48. At least one predecessor to BKF operated at Vat Site A at the time of disposal of hazardous substances.

49. In undertaking response actions to address the release and threatened release of hazardous substances at Vat Site A, the Air Force has incurred unreimbursed costs of approximately $941,237.24, as of May 16, 2017.

50. The Air Force will continue to incur "response" costs as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

51. The Air Force's response actions taken at or in connection with Vat Site A and the costs incurred incident thereto were not inconsistent with the National Contingency Plan.

### CLAIM FOR RELIEF
(Recovery of Response Costs at Vat Site A)

52. The allegations contained in paragraphs 1 through 51 are re-alleged and incorporated herein by reference.

53. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), Defendant is liable to the United States for all costs incurred by the United States in connection with Vat Site A (Site Number OT-59A).

54. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), a declaratory judgment on liability for response costs or damages should be entered against Defendant that will

be binding in any subsequent action or actions seeking to recover further response costs or damages incurred by the United States in connection with Vat Site A.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America respectfully requests that this Court:

A. Enter judgment in favor of the United States and against Defendant BKF for all costs incurred by the United States in connection with Vat Site A (Site No. OT-59A) through the date of judgment, plus interest, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607;

B. Enter a declaratory judgment in favor of the United States and against Defendant BKF pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding on any subsequent action or actions to recover further response costs in connection with Vat Site A (Site No. OT-59A);

C. Award the United States its costs of this action; and

D. Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

RACHAEL AMY KAMONS
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611

Ben Franklin Station
Washington DC 20044
Telephone: (202) 514-5260 / Facsimile: (202) 616-2427
rachael.kamons@usdoj.gov

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
BKF Capital Group, Inc.

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Ventura County, CA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Rachael Amy Kamons, U.S. Dept. of Justice, ENRD EES, P.O. Box 7611, Washington, DC 20044-7611, (202) 514-5260

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☒ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sections 9607(a) and 9613(g)(2)
Brief description of cause:
CERCLA civil action to recover response costs and declaratory judgment for future costs

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 07/25/2018
SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

RECEIVED 2018 JUL 27 PM 2:30 CLERK US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA FLORIDA